**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

DESI EUGENE BOLLING,

        Petitioner,

v.                                                    Case No. 3:24-cv-468-TJC-MCR

SECRETARY, DEPARTMENT
OF CORRECTIONS,

        Respondent.

---

### ORDER

Petitioner Desi Eugene Bolling, an inmate of the Florida penal system, initiated this action by filing a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus. Doc. 1. Petitioner challenges state court (Duval County, Florida) judgments of conviction for second-degree murder, attempted armed robbery, and several other offenses. He is serving a total sentence of twenty-seven years' imprisonment. Respondent filed a Response with exhibits, arguing that the Petition is untimely and fails to state a cognizable claim for habeas relief. Doc. 7.[1] Petitioner filed a Reply. Doc. 8. For the reasons explained below,

---

[1] The Court will cite exhibits by document and page number as assigned by the Court's electronic case management system.

the Petition is denied.[2]

While on probation for second-degree murder and attempted armed robbery, Petitioner committed several new offenses. Doc. 7-6 at 2-3. In June 2014, he pleaded guilty to grand theft motor vehicle, unlawful possession of a motor vehicle, defrauding a financial institution, scheme to defraud, criminal use of personal identification information, and fraudulent use of a credit card. Id. He received concurrent terms of five years' imprisonment for the new offenses. Id. at 3. Additionally, his probation was revoked, and he was sentenced to concurrent terms of twenty-seven years' imprisonment for second-degree murder and attempted armed robbery. Id.

Petitioner did not appeal. Instead, in March 2015, he moved for postconviction relief under Florida Rule of Criminal Procedure 3.850. Doc. 7-4. In November 2019, the postconviction court held that Petitioner's twenty-seven-year sentence for attempted armed robbery was illegal because it exceeded the fifteen-year statutory maximum. Doc. 7-6 at 4. The court rejected Petitioner's

---

[2] "In a habeas corpus proceeding, the burden is on the petitioner to establish the need for an evidentiary hearing." Jones v. Sec'y, Fla. Dep't of Corr., 834 F.3d 1299, 1318 (11th Cir. 2016) (citing Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1060 (11th Cir. 2011)). "In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." Schriro v. Landrigan, 550 U.S. 465, 474 (2007) (citation omitted). "It follows that if the record refutes the applicant's factual allegations or otherwise precludes habeas relief, a district court is not required to hold an evidentiary hearing." Id. The Court finds that "further factual development" is unnecessary. Turner v. Crosby, 339 F.3d 1247, 1275 (11th Cir. 2003). Thus, an evidentiary hearing will not be conducted.

other claims. Id. at 5-10. Petitioner did not file a timely notice of appeal.[3] Doc. 7-13 at 2.

Four years later, in December 2023, Petitioner filed a petition for belated appeal, arguing that his postconviction counsel ignored his request to submit a "timely notice of appeal" of the Rule 3.850 order. Doc. 7-9 at 4. The Fifth District Court of Appeal (Fifth DCA) dismissed the petition as untimely. Doc. 7-10. It subsequently denied Petitioner's motion for rehearing. Doc. 7-11; Doc. 7-12.

In May 2024, Petitioner filed his § 2254 Petition. Doc. 1. In his sole ground for relief, Petitioner alleges that the Fifth DCA violated his right to "due process" by denying his petition for a belated appeal of the Rule 3.850 order. Id. at 5. He also appears to allege that postconviction counsel provided ineffective assistance by failing to timely appeal the Rule 3.850 order. Id.; see also Doc. 8 at 2-3 ("[Postconviction counsel] failed to file a Timely Notice of Appeal after the denial of the Amended Motion for Post-conviction Relief. This failure was a violation of Petitioner's Sixth Amendment right and is ineffective assistance of counsel.").

Petitioner is not entitled to habeas relief on either claim. "Federal habeas relief is available to remedy defects in a defendant's conviction and sentence,

---

[3] Petitioner was later resentenced to time served for attempted armed robbery. Doc. 7-7.

3

but an alleged defect in a collateral proceeding does not state a basis for habeas relief." <u>Alston v. Dep't of Corr., Fla.</u>, 610 F.3d 1318, 1325 (11th Cir. 2010) (internal quotation marks omitted). Petitioner challenges the denial of his request for a belated appeal of the Rule 3.850 order. That is an attack on "a state collateral proceeding." <u>Id.</u> It "does not undermine the legality of the detention or imprisonment—<u>i.e.</u>, the conviction[s] [themselves]—and thus habeas relief is not an appropriate remedy." <u>Id.</u> at 1326; <u>see also</u> <u>Davis v. Sec'y, Fla. Dep't of Corr.</u>, No. 3:15-cv-314-TJC-JRK, 2019 WL 1505959, at *23-24 (M.D. Fla. Apr. 5, 2019) (holding that due-process challenge to "order denying . . . petition for belated appeal" in state postconviction proceeding was "not cognizable on federal habeas review"); <u>Beier v. Butler</u>, No. 8:99-cv-754-JDW-TBM, 2009 WL 189940, at *9 (M.D. Fla. Jan. 23, 2009) (rejecting claim that petitioner was "denied . . . due process when the appellate court denied his motion for a belated appeal" because federal court was "not the appropriate forum to challenge the process afforded in state collateral proceedings").

Nor is habeas relief available for Petitioner's claim of ineffective assistance of postconviction counsel. As just noted, Petitioner faults postconviction counsel for failing to timely appeal the Rule 3.850 order. Section 2254 expressly bars this claim. "The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under [§] 2254." 28 U.S.C. § 2254(i); <u>see</u>

4

also Floyd v. Sec'y, Fla. Dep't of Corr., No. 23-13482, 2024 WL 4586612, at *2 (11th Cir. June 3, 2024) ("[A] claim of post-conviction counsel ineffectiveness is not an appropriate ground for federal habeas relief.").

Because the Petition "fails on the merits," the Court need not address Respondent's argument that the Petition is untimely. McCormack v. Sec'y, Fla. Dep't of Corr., No. 22-14071, 2024 WL 3668519, at *1 (11th Cir. Aug. 6, 2024) ("[Petitioner] argues that his petition is both timely and meritorious. We need not decide whether [the] petition was timely because, even if it was, the petition fails on the merits."); see also Day v. McDonough, 547 U.S. 198, 205 (2006) (noting that AEDPA's statute of limitations "is not jurisdictional").

Accordingly, it is

**ORDERED**:

1.     The Petition (Doc. 1) is **DENIED**, and this case is **DISMISSED with prejudice**.

2.     If Petitioner appeals, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the **Clerk** shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.[4]

---

[4] The Court should issue a certificate of appealability only if Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To

5

3.      The **Clerk** shall enter judgment dismissing this case with prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of June, 2026.



TIMOTHY J. CORRIGAN
Senior United States District Judge

TpaP-2
c:
Desi Eugene Bolling, #J35792
Counsel of Record

make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Here, after consideration of the record as a whole, the Court will deny a certificate of appealability.

6